IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 AUG -5 PM 2: 30

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| Plaintiff, | X | |
| vs. | X | Cv. No. 04-2854-Ma/P |
| ROWLO SMITH, | X | Cr. No. 02-20126-G |
| Defendant. | X | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Defendant Rowlo Smith, Bureau of Prisons inmate registration number 18318-076, an inmate at the United States Penitentiary-Lee County in Jonesville, Virginia, filed a *pro se* motion pursuant to 28 U.S.C. § 2255 on October 25, 2004, accompanied by a legal memorandum. On March 10, 2005, Smith filed a motion asking for the status of his motion.

On April 16, 2002, a federal grand jury returned a single-count indictment charging Smith with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). A jury trial was held on September 3, 2002, at the conclusion of which the jury returned a guilty verdict. Former District Judge Julia Smith Gibbons conducted a sentencing hearing on January 3, 2003, at which time Smith was sentenced to one hundred twenty (120) months' imprisonment, to be

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  8-9-05

4

followed by a three-year period of supervised release.[1] Judgment was entered on January 21, 2003. The United States Court of Appeals for the Sixth Circuit affirmed. United States v. Smith, 79 Fed. Appx. 97 (6th Cir. Oct. 21, 2003).

Smith has now filed a § 2255 motion in which he asserts that his sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S. Ct. 2531 (2004). In his original motion, Smith also suggested that this motion be held in abeyance pending the Supreme Court's decision in United States v. Booker, 125 S. Ct. 758 (2005).

Smith is not entitled to relief on the basis of Blakely and Booker, which were issued after the conclusion of direct review in this case. "As a general rule, new constitutional decisions are not applied retroactively to cases that were finalized prior to a new Supreme Court decision." Goode v. United States, 305 F.3d 378, 383 (6th Cir. 2002); see Schriro v. Summerlin, 124 S. Ct. 2519, 2522-26 (2004) (holding that decision in Ring v. Arizona, which held that a sentencing judge in a capital case may not find an aggravating factor necessary for imposition of the death penalty, and that the Sixth Amendment requires that those circumstances be found by a jury, does not apply retroactively to cases on collateral review); Teague v. Lane, 489 U.S. 288 (1989). Applying these standards, the Sixth Circuit

---

[1] Pursuant to § 2K2.1(a) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level was 26 where, as here, the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. There were no adjustments to that level, so the base offense level was also the total offense level. Given Smith's criminal history category of V, the guidelines called for a sentencing range from 110-137 months. However, the statutory maximum penalty for a violation of 18 U.S.C. § 922(g) is ten years, or 120 months. 18 U.S.C. § 924(a)(2).

2

has held that <u>Blakely</u> and <u>Booker</u> issues cannot be raised in an initial motion pursuant to 28 U.S.C. § 2255. <u>Humphress v. United States</u>, 398 F.3d 855, 860-63 (6th Cir. 2005).[2]

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; <u>see also</u> Rule 4(b), Rules Governing Section 2255 Motions in the United States District Courts. Therefore, the Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. <u>United States v. Johnson</u>, 327 U.S. 106, 111 (1946); <u>Baker v. United States</u>, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's conviction and sentence are valid and, therefore, his motion is DENIED.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>see also</u> Fed. R. App. P. 22(b); <u>Lyons v. Ohio Adult Parole Auth.</u>, 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

---

[2] Moreover, Smith does not explain how his sentence is inconsistent with <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u>, and an examination of the presentence report does not reveal any defect in Smith's sentence in light of these cases. The only argument even potentially available to Smith is that the sentencing judge erred when she assumed that the sentencing guidelines were mandatory. Even so, however, Judge Gibbons did not sentence Smith to the minimum sentence under the guidelines and, therefore, there is no basis for concluding that, if only the sentencing judge had thought that the guidelines could not constitutionally be mandatory, it is likely Smith would have received a lighter sentence.

3

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the

4

debatability of the underlying constitutional claim, not the resolution of that debate.").[3]

In this case, for the reasons previously stated, the defendant's claims are plainly lacking in substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. Hereford v. United States, 117 F.3d 949, 951 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal in forma pauperis in a § 2255 case, and thereby avoid the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[4] the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. Hereford, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

Rule 24(a) states, in pertinent part that:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the

---

[3] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

[4] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

5

district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 5th day of August, 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

6

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:04-CV-02854 was distributed by fax, mail, or direct printing on August 9, 2005 to the parties listed.

---

Rowlo Smith
USP-LEE COUNTY
18318-076
P.O. Box 0305
Jonesville, VA 24263--030

Camille Reese McMullen
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT